# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00672-RJC-DSC

| | |
|---|---|
| LEKAYLE M. BOOKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| MECKLENBURG COUNTY ) | |
| DEPARTMENT OF SOCIAL ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's filing, which the Court construes as a motion for reconsideration, a motion to appoint counsel, and a motion to extend time to appeal. [Doc. 7].

Pro se Plaintiff Lekayle Booker ("Plaintiff") filed this action on December 10, 2019, naming as Defendants Mecklenburg County Department of Social Services and social workers Shelby N. Stewart, Jonathan Kelly, and Lisa Chellye Hudson, who were employed by the Department of Social Services at all relevant times. [Doc. 1 at 1-3]. Plaintiff alleged that Defendants violated her rights under the Fourteenth and First Amendment, as well as her "parents rights" and her civil rights. [Id. at 2]. Plaintiff alleged, among other things, that Defendants refused to her allow her to have a relationship with her son, refused to make accommodation "for disabled family," removed Plaintiff's son from the State of North Carolina, and refused to ensure her son's safety while he was in the care of the Department of Social Services. [Id. at 4]. Plaintiff alleged these acts occurred primarily between 2015 and 2019, when Plaintiff filed her Complaint.

[Id.]. The Court dismissed Plaintiff's action on initial review on January 16, 2020 because Plaintiff's Complaint involved domestic matters normally reserved for state courts. [Doc. 5]. The Court also noted that the Younger abstention doctrine warranted dismissal because Plaintiff's allegations allude to ongoing proceedings in the North Carolina state courts regarding termination of Plaintiff's parental rights. [Id.]. The dismissal was without prejudice, however, to Plaintiff bringing a claim regarding her parental rights in North Carolina state court. [Id.]. Judgment on the Court's dismissal was entered the same day. [Doc. 6].

Well over a year after the dismissal of this action, Plaintiff has filed what appears to be an email directed to the undersigned asking that her case be "considered reopened reconsidered for a appeal to be reconsidered as a late filing because the Coronavirus" and because she recently lost an unborn child. [Doc. 7 at 1 (errors uncorrected)]. Plaintiff also asks for an attorney to be appointed for her. [Id. at 2].

The Court will deny Plaintiff's motions. Plaintiff has presented no grounds warranting reconsideration of the Court's dismissal of her Complaint under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure, or otherwise. The action remains one properly brought before the appropriate state court, if at all. Moreover, Plaintiff's motion is untimely under Rule 59(e). The Court will, therefore, also deny Plaintiff's motion for appointment of counsel as moot. Finally, to the extent Plaintiff is seeking the Court to allow an untimely appeal, the Court is without authority to grant this request here. See 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5). The Court will, however, direct the Clerk to file Plaintiff's filing [Doc. 7] as a notice of appeal, so that the appellate court may consider it.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motions [Doc. 7] are **DENIED**.

2. The Clerk is instructed to docket Doc. 7 as a Notice of Appeal and transmit to the Court of Appeals for the Fourth Circuit accordingly.

Signed: May 3, 2021

Robert J. Conrad, Jr.
United States District Judge